## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PETER B. MAPES | ) | |
| 206 East Park St. | ) | |
| Oscoda, MI 48750 | ) | |
| *Petitioner*, | ) | Civil No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| JACK REED, | ) | |
| Senator, RI | ) | |
| | ) | |
| RICHARD CODY, | ) | |
| Chairman of the National | ) | |
| Commission on Military Aviation | ) | |
| Safety | ) | |
| | ) | |
| *Respondents*. | ) | |

## COMPLAINT

NOW COMES Dr. Peter B. Mapes ("Dr. Mapes"), by and through undersigned counsel, for this cause of action against Respondents, and herein alleges, based on information and belief the following.

## INTRODUCTION

This is a complaint brought to enforce the provisions of the National Defense Authorization Act for Fiscal Year 2019, Public Law 115-232. There are two aspects to the complaint. First, Dr. Mapes was illegally removed from his position as a Commissioner on the National Commission on Military Aviation Safety. Second, Dr. Mapes was never provided due process before his illegal removal.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the case arises under the Constitution or laws of the United States, specifically P.L 115-232.  Under that statute, plaintiff was appointed as a Commissioner.  The appointing authority has illegally removed him from that position.

2.      This court also has jurisdiction pursuant to 28 U.S.C. § 1346 (the" Little Tucker Act"), which provides District Courts with jurisdiction over claims of less than $10,000.

3.      Venue is appropriate in that all of the actions in question took place in the District of Columbia.

## PARTIES

4.      Plaintiff Dr. Peter B. Mapes is a citizen of the United States who resides in Michigan and who submits himself to the authority of this Court.

5.      Defendant Jack Reed is a United States Senator from the state of Rhode Island. He made the appointment as a part of his official duties.

6.      Defendant Richard Cody is the Chairman of the National Commission on Military Aviation Safety.  He directed the administrative actions that removed Dr. Mapes from the Commission's records.

## STATEMENT OF THE CASE

7.      Plaintiff Dr. Peter B. Mapes was appointed as a Commissioner on the National Commission on Military Safety by Senator Jack Reed.  Senator Reed illegally terminated Dr. Mapes' commission.  Dr. Mapes requests reinstatement to his position as a Commissioner.

## STATEMENT OF FACTS

8.      Section 1087 of Public Law 115-232, the National Defense Authorization Act for Fiscal Year 2019 directed the establishment of the National Commission on Military Aviation Safety.

9.      Its purpose was to "examine and make recommendations with respect to certain United States military aviation mishaps." P.L. 115-232 § 1087(a)(2).

10.     The Commission was composed of eight members, one of whom was to be appointed by the Ranking Member of the Committee on Armed Services of the Senate.

11.     Commissioners were to be appointed "for the life of the Commission." P.L. 115-232 § 1087(b)(5).

12.     The Commission was to terminate 90 days from the date they provided their final report to the President and the Congressional defense committees.

13.     No provision was made in P.L. 115-232 for the removal of a commissioner.

14.     Senator Jack Reed from Rhode Island was the Ranking Member of the Committee on Armed Services of the Senate at the time and he appointed Dr. Peter B. Mapes as a Commissioner on the commission.

15.     While serving as commissioner, Dr. Mapes made suggestions with regard to ensuring that statistical data was reliable and properly analyzed.

16.     On November 19, 2020, the Air Force Safety Center sent the Chairman of the commission a letter with a non-specific complaint about Dr. Mapes' interaction with Air Force personnel.

17.     On November 20, 202 the Army Safety Center sent the Chairman an e-mail with a similar non-specific complaint.

3

18.    Dr. Mapes and the various military services' Safety Centers have been at odds over aviation safety issues for several years.

19.    On January 7, 2020, Senator Reed sent Dr. Mapes a letter terminating Dr. Mapes' status as a commissioner.

20.    The stated reason was: "your service as a member of the National Commission on Military Aviation Safety is no longer compatible with the service of the other members of the Commission."

21.    There has been no indication that Dr. Mapes committed malfeasance or misfeasance during his tenure as Commissioner.

22.    Senator Reed did not have the authority, under P.L. 115-232 to terminate Dr. Mapes' status as a commissioner.

23.    Dr. Mapes has been illegally removed from the Commission and is entitled to have his appointment reinstated and to resume his duties.

**STATEMENT OF POINTS AND AUTHORITIES**

24.    This case presents a question of whether a person with the power of appointment can remove an appointee absent any statutory authority to do so.  In *Humphrey's Ex'r v. United States*, the Supreme Court examined the issue of whether the President could remove a commissioner of the Federal Trade Commission for reasons other than those specified in the statute. *Humphrey's Ex'r v. United States*, 295 U.S. 602, 619 (1935).  There, the President wanted to remove a commissioner in order to replace him with an appointee of his choosing. *Id.* at 618.  However, the statute establishing the commission stated that "any commissioner may be removed by the President for inefficiency, neglect of duty, or malfeasance in office." *Id.* at 620. The Court held that no removal could be made "except for one or more of the causes named in

4

the applicable statute." *Id.* at 631. Among the reasons for this holding was that unlimited power to remove would thwart the ability of the commission or other organization to operate without fear, stating: "For it is quite evident that one who holds his office only during the pleasure of another, cannot be depended upon to maintain an attitude of independence against the latter's will." *Id.* at 629.

25.     In *Wiener v. United States*, the Supreme Court addressed an instance where the President of the United States attempted to remove a member of the War Claims Commission who had been appointed by the previous President because he wanted to have only people he had selected as members of the Commission. *Wiener v. United States*, 357 U.S. 349, 350 (1958). The enabling statute for the War Claims Commission made no provision for the removal of a commissioner. *Id.* at 352. There, the Court reasoned that "the most appropriate legal significance must be drawn from congressional failure of explicitness." *Id.* at 352. The court then held that a claim that the President could remove a member simply because he wanted to replace him with his own appointee was not supported by the constitution and was not "impliedly inferred by statute simply because congress said nothing about it." *Id.* at 356.

26.     Thus, these two cases stand for the proposition that an appointee who is not a direct executive branch member can only be removed based on the removal tenants of a statute, not simply based on the whim of the appointing official. This is because the appointee must have the confidence being independent from the appointing official in order to provide his or her best judgment. While the cases address the President's removal power, their logic is equally applicable to the appointing power of any government official.

27.     Here, the statute that formed the National Commission on Military Aviation Safety provided no basis for removal of a commissioner by the appointing authority or anyone

else. Thus, only malfeasance or misfeasance would form the basis of removal. No one, including Senator Reed, has accused Dr. Mapes of malfeasance or misfeasance.

28.     The work of the Commission is to examine aviation mishaps and make recommendations for their safety. If they are to provide a credible product, the Commission as a whole and each Commissioner must have the independence necessary for them to make the complete, robust inquiries that would allow them to provide recommendations that can prevent future aviation accidents, with their terrible loss of life and property. If a Commissioner feels his or her continued participation on the Commission depends on the pleasure of an appointing official who may want to limit lines of inquiry, then neither the Commissioner nor the Commission can fully serve their valuable purpose.

## PRAYER FOR RELIEF

29.     Plaintiff requests that this Court order that he be reinstated to his position as a Commissioner on the National Commission on Military Aviation Safety immediately.

30.     Plaintiff requests that this Court order payment for work he performed for the Commission after January 7, 2020.

Pursuant to 28 U.S.C. § 1748, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 22, 2020.

Peter B. Mapes

Respectfully submitted,

DAVID P. SHELDON
Law Offices of David P. Sheldon PLLC
100 M St. NE; Ste 600
Washington, DC 20003
Telephone No.  202-546-9575
Fax No.  202-546-0135
Email: davidsheldon@militarydefense.com