**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PETER B. MAPES | ) | |
| | ) | |
| *Petitioner*, | ) | Civil No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| JACK REED, | ) | |
| Senator, RI | ) | |
| | ) | |
| RICHARD CODY, | ) | |
| Chairman of the National | ) | |
| Commission on Military Aviation | ) | |
| Safety | ) | |
| | ) | |
| *Respondents*. | ) | |

**MOTION FOR A TEMPORARY RESTRAINING ORDER**

Petitioner Peter B. Mapes ("Dr. Mapes") hereby moves for a temporary restraining order ("TRO) preventing the respondents from appointing a replacement for him as a Commissioner on the National Commission on Military Aviation Safety.

**Statement of Facts**

The 2019 National Defense Authorization Act established the National Commission on Military Aviation Safety in order to examine and make recommendations with respect to certain United States military aviation mishaps. The statute called for an eight-member commission, one of whom was to be appointed by the Ranking Member of the Committee on Armed Services of the Senate. Members of the Commission were appointed for the life of the Commission. The statute contained no provision for the removal of a commissioner. Commissioners who were not Federal employees were to be paid at a rate equal to the daily equivalent of the annual rate of basic pay payable for level IV of the Executive Schedule under section 5315 of title 5, United

States Code, for each day (including travel time) during which the member is engaged in the actual performance of duties vested in the Commission. The Commission was to terminate 90 days after the Commission submitted its report, which was supposed to be one not later than March 1, 2020.  The due date for the report has been extended to December 2020.

Senator Jack Reed, the Ranking Member of the Committee on Armed Services, appointed Dr. Mapes as a Commissioner.  Dr. Mapes began his duties and had been receiving compensation for his services as a Commissioner.  On January 7, 2020, Senator Reed sent Dr. Mapes a letter terminating Dr. Mapes' status as a Commissioner.  The stated reason was: "your service as a member of the National Commission on Military Aviation Safety is no longer compatible with the service of the other members of the Commission."

Dr. Mapes then received a copy of a letter from Sean Doocey, Assistant to the President and Director of Presidential Personnel, dated January 10, 2020.  This letter, addressed to General Richard Cody, the Chairman of the Commission, stated that "the President concurs with Senator Reed's decision to terminate the appointment of Dr. Mapes."

On January 17, 2020, Dr. Mapes was notified that a human resources actin made January 7, 2020 his final day of employment, therefore he could not enter any work after that date on his timecard.

**Points and Authorities**

The purpose of a temporary restraining order is to preserve the status quo for a limited period of time until the Court has the opportunity to pass on the merits of the demand for a preliminary injunction.  *Barrow v. Graham*, 124 F.Supp. 2d 714, 715 (D.D.C. 2000).  In the absence of facts that would enable a court fully to assess the merits of the parties' respective positions, a TRO may issue to preserve the status quo and to prevent imminent harm until a

hearing on the request for a preliminary injunction may be held. *Id*. To warrant preliminary injunctive relief, a moving party must show: (1) that there is a substantial likelihood that it will succeed on the merits of its claims; (2) that it will suffer irreparable harm in the absence of an injunction; (3) that an injunction would not substantially harm the defendant or other interested parties; and (4) that the public interest would be furthered, or at least not adversely affected, by the injunction. *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009). While the Court must consider the four-part test for injunctive relief even at the TRO stage, "the short duration of a TRO, the imminence of the harm and the failure of a respondent to provide any facts to counter a petitioner's claims, taken together, may justify the grant of a TRO to preserve the status quo." *Barrow*, 124 F.Supp.2d at 716. Mr. Mapes demonstrates that these criteria are satisfied and that a TRO should be granted.

    1. Dr. Mapes has demonstrated a substantial likelihood of succeeding on the merits of his request for a preliminary injunction.

    As noted in his request for a preliminary injunction, Dr. Mapes is substantially likely to succeed on the merits. Dr. Mapes was appointed as a Commissioner by Senator Reed, the Ranking Member of the Senate Armed Services Committee. The appointment was made pursuant to Section 1087(b)(1)(C) of the 2019 National Defense Authorization Act that created the National Commission on Military Aviation Safety. That section did not provide any means for the removal of a commissioner. There is no indication that Dr. Mapes committed and malfeasance or misfeasance during his tenure as a commissioner. Thus, Dr. Mapes has been illegally removed from the commission and is entitled to maintain his appointment and resume his duties.

2. Dr. Mapes has demonstrated that he faces a substantial threat of irreparable harm if the TRO is not granted.

Dr. Mapes is an expert in the area of aerospace safety. That is a reason he was appointed to the commission. His reputation will suffer significant harm if the government is allowed to terminate his commission simply because they disagree with his viewpoint on certain issues. His work as a commissioner, which has been aimed toward ensuring the appropriate use of statistical data, as well as accounting for past funding, would be for naught and the commission's report would be less comprehensive. Additionally, Dr. Mapes has a property right to the salary that the commission provides and the loss of that income would be harmful.

Dr. Mapes therefore satisfies this criterion for the granting of a TRO.

3. Dr. Mapes has demonstrated an injury that outweighs the governments potential injury if the TRO is granted.

If this TRO is not granted, Dr. Mapes will permanently lose his position as a Commissioner. His prestige in the aviation safety community will be damaged and his ability to have a positive impact on aviation safety now and in the future will be negatively impacted. If the TRO is granted, the government will have to continue the activities it has been performing since the Commission was formed. There is no harm to the government if the TRO is granted.

Dr. Mapes therefore meets this criterion for granting a TRO.

4. An injunction will not harm the public interest.

This case raises very serious issues with regard to the operation of commissions established by Congress. Here, the commission is tasked with evaluating the circumstances of military aviation accidents and making recommendations to reduce their number or severity. As a member of the committee, Dr. Mapes has expressed concern about the possible diversion of

public funds that were intended for aviation safety to non-safety related activities. Ensuring the safety of military aviation is very much in the public interest. To allow the termination of Dr. Mapes' commission because he sometimes dissents from the ideas and recommendations of the other commissioners would have a chilling effect on the willingness of future members of this or any other commission to serve as anything other than a rubber stamp to the prevailing opinion. That is very much against the public interest.

Dr. Mapes therefore meets this criterion for the granting of a TRO.

## Conclusion

Based on the preceding information, Dr. Mapes respectfully requests that his motion for a temporary restraining order be granted.

Respectfully submitted,

_____
DAVID P. SHELDON, DC Bar. No. 446039
Law Offices of David P. Sheldon PLLC
100 M St. NE; Ste 600
Washington, DC 20003
Telephone No. 202-546-9575
Fax No. 202-546-0135
Email: davidsheldon@militarydefense.com