UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER B. MAPES,<br><br>                 Plaintiff,<br><br>          v.<br><br>SENATOR JACK REED, *et al.*,<br><br>                 Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 1:20-cv-00223-JEB<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT SENATOR REED'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT**

Defendant Senator Reed hereby opposes Plaintiff's Motion for Summary Judgment, ECF No. 18, and Plaintiff's Cross Motion for Summary Judgment, ECF No. 19. A response to Plaintiff's Statement of Undisputed Material Facts and a memorandum of points and authorities in opposition are included herewith. For the reasons explained in the accompanying memorandum in opposition to the motions for summary judgment, both of those motions should be denied.

Respectfully submitted,

/s/ *Patricia Mack Bryan*
Patricia Mack Bryan, Bar #335463
Senate Legal Counsel

Morgan J. Frankel, Bar #342022
Deputy Senate Legal Counsel

Grant R. Vinik, Bar #459848
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, D.C. 20510-7250
(202) 224-4435 (tel)
(202) 224-3391 (fax)

Dated: May 29, 2020                    Attorneys for Defendant Senator Jack Reed

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
PETER B. MAPES,                                     )
                                                    )
                Plaintiff,                          )
                                                    )    Civil Action No. 1:20-cv-00223-JEB
        v.                                          )
                                                    )
SENATOR JACK REED, *et al.*,                        )
                                                    )
                Defendants.                         )
_____)

**DEFENDANT SENATOR REED'S RESPONSE TO
PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff accompanied his two motions for summary judgment with the same Statement of

Undisputed Material Facts.  However, that statement included no citations to the record as

required by Local Civil Rule 7(h)(1), which provides that a statement of undisputed material

facts "shall include references to the parts of the record relied on to support the statement."

Accordingly, plaintiff's statement fails to comply with the requirements of the local rule to

support the assertions made therein and cannot serve as the basis for granting summary

judgment.

Moreover, defendants assert that the only facts material to the resolution of plaintiff's suit

are the following undisputed facts:

1.      The National Commission on Military Aviation Safety (the "Commission") was

created by the John S. McCain National Defense Authorization Act for Fiscal Year 2019, Pub. L.

No. 115-232, Div. A, Title X, Subtitle F, § 1087, 132 Stat. 1636, 1992-96 (2018) [hereinafter

"NDAA § 1087"].

1

2.      Plaintiff was appointed to the Commission by Senator Reed pursuant to NDAA

§ 1087(b)(1)(C).  164 Cong. Rec. S6929 (daily ed. Nov. 13, 2018).

3.      Members of the Commission are Federal employees.  NDAA § 1087(b)(7).

4.      Nothing in the text of the NDAA limits the authority of appointing officials to

remove members of the Commission.  NDAA § 1087.

5.      Plaintiff was terminated from the Commission by Senator Reed by letter dated

January 7, 2020.  Exhibit D of Enclosure 1 to Defendant Chairman Cody's Motion to Dismiss or,

in the Alternative, for Summary Judgment, ECF No. 13-1.

Based on these undisputed record facts, plaintiff's suit against Senator Reed should be

dismissed for lack of jurisdiction and failure to state a claim, and his motions for summary

judgment should be denied.

Respectfully submitted,

 /s/ *Patricia Mack Bryan*
Patricia Mack Bryan, Bar #335463
Senate Legal Counsel

Morgan J. Frankel, Bar #342022
Deputy Senate Legal Counsel

Grant R. Vinik, Bar #459848
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, D.C. 20510-7250
(202) 224-4435 (tel)
(202) 224-3391 (fax)

Dated: May 29, 2020                         Attorneys for Defendant Senator Jack Reed

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                 )
PETER B. MAPES,                                  )
                                                 )
                    Plaintiff,                   )
                                                 )        Civil Action No. 1:20-cv-00223-JEB
             v.                                  )
                                                 )
SENATOR JACK REED, *et al.*,                     )
                                                 )
                    Defendants.                  )
_____)


**DEFENDANT SENATOR REED'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Concurrent with filing his oppositions to defendants' motions to dismiss, plaintiff filed

two motions for summary judgment: Plaintiff's Motion for Summary Judgment ["Pl.'s Mot. for

Summ. J."], ECF No. 18, and Plaintiff's Cross Motion for Summary Judgment ["Pl.'s Cross Mot.

for Summ. J."], ECF No. 19.  The sole basis for seeking summary judgment in his first motion,

ECF No. 18, is plaintiff's claim that Senator Reed's termination of plaintiff was illegal because it

violated the Constitution's separation of powers.  Plaintiff asserts that same ground in his second

motion, the cross motion for summary judgment, ECF No. 19, and also asserts the additional

ground that he should not be removable at will as a reemployed annuitant, because the work of

members of the Commission "may point to poor performance by the people who appointed

them."  Pl.'s Cross Mot. for Summ. J. at 6, ECF No. 19.  These two summary judgment motions

1

should be denied because the Court lacks jurisdiction over plaintiff's claims against Senator

Reed, and because the claims asserted fail to state viable claims as a matter of law.

## ARGUMENT

**I.    The Summary Judgment Motions Should Be Denied Because The Court
       Lacks Jurisdiction Over Plaintiff's Suit Against Senator Reed.**

As an initial matter, plaintiff's summary judgment motions should be denied because the

Court lacks jurisdiction over plaintiff's claims against Senator Reed for the three grounds stated

in Defendant Senator Reed's Motion to Dismiss: (1) plaintiff, as a federal employee, is precluded

by the Civil Service Reform Act from challenging his dismissal before this Court; (2) Senator

Reed is protected from plaintiff's suit by sovereign immunity; and (3) plaintiff's alleged injury is

not redressable against Senator Reed because a court cannot order the Senator to reappoint

plaintiff, and plaintiff therefore lack standing to sue the Senator.  Those jurisdictional grounds for

dismissing plaintiff's complaint are explained in Senator Reed's opening and reply memoranda

in support of his motion to dismiss, which are incorporated herein for efficiency.  *See*

Memorandum of Points and Authorities in Support of Defendant Senator Jack Reed's Motion to

Dismiss ["Def. Sen. Reed's MTD"] at 6-16, ECF No. 12; Defendant Senator Reed's Reply

Memorandum of Points and Authorities in Support of His Motion to Dismiss ["Def. Sen. Reed's

Reply on MTD"] at 5-13, ECF No. 21.  Accordingly, as the Court lacks jurisdiction over

plaintiff's suit against Senator Reed, plaintiff's motions for summary judgment should be denied.

**II.   Plaintiff's Summary Judgment Motions Should Be Denied Because The
       Claims He Asserts Fail As A Matter Of Law.**

Plaintiff's motions for summary judgment should also be denied because the claims

therein fail as a matter of law.  Plaintiff's motions assert two grounds for judgment: (a) that

Senator Reed's termination of plaintiff was illegal because it violated the Constitution's

separation of powers, Pl.'s Mot. for Summ. J. at 3-5, ECF No. 18; Pl.'s Cross Mot. for Summ. J.

at 3-6, ECF No. 19; and (b) that plaintiff is not removable at will, despite his status as a

reemployed annuitant, because the work of members of the Commission "may point to poor

performance by the people who appointed them." Pl.'s Cross Mot. for Summ. J. at 6, ECF No.

19. Both of these arguments lack merit.

First, as explained in Senator Reed's reply memorandum in support of his motion to

dismiss, under *Bowsher v. Synar*, 478 U.S. 714 (1986), a statute granting authority to a Member

of Congress to remove an official violates the separation of powers only if the duties assigned to

the official are "executive powers" that entail "execution of the law." *Id.* at 732-33. As the

Commission's sole duty is to "undertake a comprehensive study of United States military

aviation mishaps that occurred between fiscal years 2013 and 2018," NDAA § 1087(h)(1), and to

submit a recommendatory report to the President and to the Senate and House Armed Services

Committees, *see* NDAA § 1087(h)(2), members of the Commission do not wield any executive

power, *see Buckley v. Valeo*, 424 U.S. 1, 137-38 (1976) (per curiam), and, therefore, Senator

Reed's termination of plaintiff did not violate the separation of powers as a matter of law. *See*

Def. Sen. Reed's Reply on MTD at 13-19, ECF No. 21.

Second, plaintiff's assertion that, as a matter of policy, he should not serve in an at-will

status despite being a reemployed annuitant under 5 U.S.C. § 3323(b)(1), because the work of

members of the Commission "may point to poor performance by," and therefore "be

embarrassing" to, "the people who appointed them," Pl.'s Cross Mot. for Summ. J. at 5-6, ECF

No. 19, is legally baseless. Such an argument provides no legal ground for imposing any "for

cause" protection on members of the Commission. Plaintiff points out that reemployed annuitant

administrative law judges are specifically excluded from the "at will" status for reemployed

annuitants, *see* 5 U.S.C. § 3323(b)(1), and he argues that his service on the Commission requires

similar protection.  Pl.'s Cross Mot. for Summ. J. at 6-7, ECF No. 19.  Of course, the advisory

role of the Commission is very different from the adjudicative, quasi-judicial functions

performed by ALJs – the type of functions that are associated with "for cause" removal

protection.  Moreover, as plaintiff recognizes, reemployed annuitant ALJs have been provided an

express statutory exemption from the normal "at will" employment status of reemployed

annuitants.  5 U.S.C. § 3323(b)(2).  In contrast, Congress has not chosen to provide any similar

exemption to members of study commissions, and there is no legal basis for the Court to add

such an exemption.[1]

---

[1]  Plaintiff's Cross Motion for Summary Judgment, ECF No. 19, contains a third argument in which he asserts that his suit fits within the Little Tucker Act's $10,000 limit on district court jurisdiction.  That argument asserts a ground for the Court's jurisdiction but does not offer any affirmative basis for granting judgment to plaintiff.  Moreover, the Little Tucker Act only waives sovereign immunity for certain damages claims *against the United States* – not against individual Members of Congress, who are not part of any Executive agency.  *See* 28 U.S.C. § 1346(a)(2) (limiting jurisdiction to an "action or claim *against the United States*") (emphasis added); *cf. United States v. Sherwood*, 312 U.S. 584, 588 (1941) (stating, with regard to Tucker Act claim, that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court").  In addition, "[c]omplaints by civil service employees regarding personnel actions covered by the Civil Service Reform Act are subject to the jurisdiction of the Merit Systems Protection Board and do not give rise to actions under the Tucker Act or the Little Tucker Act."  *Price v. Panetta*, 674 F.3d 1335, 1339 (Fed. Cir. 2012) (citing *United States v. Fausto*, 484 U.S. 439, 449, 455 (1988) and *Worthington v. United States*, 168 F.3d 24, 26-27 (Fed. Cir. 1999)).

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the Memorandum of Points and

Authorities in Support of Defendant Senator Reed's Motion to Dismiss, ECF No. 12, and in

Defendant Senator Reed's Reply Memorandum of Points and Authorities in Support of His

Motion to Dismiss, ECF No. 21, incorporated here, the Court should deny Plaintiff's Motion for

Summary Judgment and Plaintiff's Cross Motion for Summary Judgment.

Respectfully submitted,

/s/ *Patricia Mack Bryan*

Patricia Mack Bryan, Bar #335463
Senate Legal Counsel

Morgan J. Frankel, Bar #342022
Deputy Senate Legal Counsel

Grant R. Vinik, Bar #459848
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, D.C. 20510-7250
(202) 224-4435 (tel)
(202) 224-3391 (fax)

Dated: May 29, 2020                          Attorneys for Defendant Senator Jack Reed