UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER B. MAPES, | ) |
| Plaintiff, | ) |
| V. | ) |
| | ) Civ. A. No. 20-0223 (JEB) |
| SENATOR JACK REED, | ) |
| RICHARD CODY, Chairman, | ) |
| National Commission on Military Aviation Safety | ) |
| Defendants. | ) |

**DEFENDANT CHAIRMAN CODY'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant Chairman Cody hereby opposes Plaintiff's Motion for Summary Judgment, ECF No. 18, and Plaintiff's Cross Motion for Summary Judgment, ECF No. 19. A response to Plaintiff's Statement of Undisputed Material Facts and a memorandum of points and authorities in opposition are included herein. For the reasons explained in the accompanying memorandum in opposition to the motions for summary judgment, both of these motions should be denied.

Dated:  May 29, 2020                                      Respectfully submitted,

        MICHAEL R. SHERWIN
        Acting United States Attorney

        DANIEL F. VAN HORN, D.C. Bar # 924092
        Chief, Civil Division

By:  /s/ *John Moustakas*
      John Moustakas, D.C. Bar #442076
      Assistant U.S. Attorney
      555 Fourth Street, N.W.
      Washington, D.C. 20530
      (202) 252-2518
      john.moustakas@usdoj.gov

*Counsel for Chairman Richard Cody*

Stefan R. Wolfe
General Counsel

Cody Cheek
Attorney
National Commission on Military Aviation Safety
2900 Crystal Drive
Arlington, VA 22202

*Of Counsel*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
PETER B. MAPES,                                 )
                                                )
    Plaintiff,                                  )
                                                )
V.                                              )
                                                )   Civ. A. No. 20-0223 (JEB)
SENATOR JACK REED,                              )
RICHARD CODY, Chairman,                         )
National Commission on Military Aviation Safety )
                                                )
    Defendants.                                 )
_____)

## **RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff accompanied his two motions for summary judgment with the same Statement of Undisputed Material Facts. Both statements suffer from the same three flaws.

First, the statements assert facts that are not in the record. *See* Local Rule 7(h)(1). Indeed, because Plaintiff has not submitted a single document in support of his motion, every fact asserted (other than those which are actually legal conclusions or restate facts submitted by the Commission) remains unsupported.

Second, Plaintiff's statement asserts facts in support of summary judgment on a claim not pled in his complaint. *See* Defendant Chairman Cody's Reply Memorandum in Support of His Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 23, at 9-14.

Third, assuming this Court reaches the merits of Plaintiff's two motions, most of the asserted facts asserted are not material to the narrow grounds on which he seeks summary judgment.

The Commission asserts that the only facts relevant to the resolution of Plaintiff's two motions are the following undisputed facts:

1. The National Commission on Military Aviation Safety (the "Commission") was created by the John S. McCain National Defense Authorization Act for Fiscal Year 2019, Pub. L. No. 115-232, Div. A, Title X, Subtitle F, § 1087, 132 Stat. 1636, 1992-96 (2018) [hereinafter "NDAA § 1087"].

2. Plaintiff was appointed to the Commission by Senator Reed pursuant to NDAA § 1087(b)(1)(C). 164 Cong. Rec. S6929 (daily ed. Nov. 13, 2018).

3. Plaintiff was a reemployed annuitant. *See* 5 U.S.C. 3323(b)(1); Exhibits F, G, H, I, and J of Enclosure 1 to Defendant Chairman Cody's Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 13-1 ["Def. Chairman Cody's MTD"]; Plaintiff's Cross Motion for Summary Judgment, ECF No. 19, at 3 ["Pl.'s Cross Mot. for S.J."] (conceding Plaintiff's status as a reemployed annuitant).

4. Members of the Commission are Federal employees. NDAA § 1087(b)(7).

5. Nothing in the text of the NDAA limits the authority of appointing officials to remove members of the Commission. NDAA § 1087.

6. Plaintiff was terminated from the Commission by Senator Reed by letter dated January 7, 2020. Exhibit D of Enclosure 1 to Def. Chairman Cody's MTD, ECF No. 13-1.

The Commission disputes the inferences in Plaintiff's motions that he was removed because of a disagreement about aviation safety data or any other policy disagreement. *See e.g.*, Pl.'s Cross Mot. for S.J., ECF No. 19, at 1, 6. Furthermore, Plaintiff pled no facts supporting such an inference, and they are unnecessary to decide any motion.

Dated: May 29, 2020                     Respectfully submitted,

                                              MICHAEL R. SHERWIN
                                              Acting United States Attorney

                                              DANIEL F. VAN HORN, D.C. Bar # 924092
                                              Chief, Civil Division

                                      By:  <u>/s/ *John Moustakas*</u>
                                              John Moustakas, D.C. Bar #442076
                                              Assistant U.S. Attorney
                                              555 Fourth Street, N.W.
                                              Washington, D.C. 20530
                                              (202) 252-2518
                                              <u>john.moustakas@usdoj.gov</u>

                                              *Counsel for Chairman Richard Cody*

                                              Stefan R. Wolfe
                                              General Counsel

                                              Cody Cheek
                                              Attorney
                                              National Commission on Military Aviation Safety
                                              2900 Crystal Drive
                                              Arlington, VA 22202


                                              *Of Counsel*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
PETER B. MAPES,                             )
                                            )
    Plaintiff,                              )
                                            )
V.                                          )
                                            )   Civ. A. No. 20-0223 (JEB)
SENATOR JACK REED,                          )
RICHARD CODY, Chairman,                     )
National Commission on Military Aviation Safety  )
                                            )
    Defendants.                             )
_____)

**DEFENDANT CHAIRMAN CODY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Concurrent with filing his oppositions to defendants' motions to dismiss, Plaintiff filed two nearly identical motions for summary judgment: Plaintiff's Motion for Summary Judgment, ECF No. 18 ["Pl.'s Mot. for S.J."]; and Plaintiff's Cross Motion for Summary Judgment, ECF No. 19 ["Pl.'s Cross Mot. for S.J."].  *Both* motions ask this Court for relief and judgment against the Commission.  However, as these motions are nearly identical, the Commission will address both motions in this response.

Plaintiff's sole basis for seeking summary judgment in his first motion, ECF No. 18, is his claim that Senator Reed's termination of plaintiff was illegal because it violated the Constitution's separation of powers.  Plaintiff asserts that same ground in his cross motion, ECF No. 19, and also asserts that his status as a reemployed annuitant is "immaterial" because the work of members of the Commission "may point to poor performance by the people who appointed them." Pl.'s Cross Mot. for S.J., ECF No. 19, at 3, 6.

1

In a separate filing, the Commission moved to dismiss Plaintiff's claim for lack of jurisdiction, failure to state a claim, or, in the alternative, for summary judgment.  Defendant Chairman Cody's Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 13 ["Def. Chairman Cody's MTD"].  Plaintiff responded to those arguments in a separate opposition.  Plaintiff's Opposition to Chairman Cody's Motion to Dismiss, ECF No. 16.  The Commission filed its reply brief.  Defendant Chairman Cody's Reply Memorandum in Support of His Motion to Dismiss or, in the Alternative, for Summary Judgment ["Def. Chairman Cody's Reply on MTD"], ECF No. 23.

Should this Court grant the Commission's motion to dismiss for lack of jurisdiction, failure to state a claim, or, in the alternative, for summary judgment, it would be fatal to both of Plaintiff's motions for summary judgment.  To promote judicial economy, and as the parties have already made their best arguments regarding the Commission's motion, the Commission will limit itself to addressing the merits of Plaintiff's motions for summary judgment.

Plaintiff's motions for summary judgment should be denied because: (1) Plaintiff seeks judgment on a claim not included in his complaint, (2) Plaintiff's removal did not violate separation of powers, and (3) the "at will" standard is mandated for reemployed annuitants.

## ARGUMENT

### I. **Plaintiff asks for judgment on a claim that was never pled**

Plaintiff filed a complaint alleging he was removed in violation of NDAA § 1087, and that he was removed from his position without due process.

Plaintiff's two motions for summary judgment both allege that Senator Reed violated the Constitution's separation of powers when he removed Plaintiff from his position.  Pl.'s Mot. for S.J., ECF No. 18, at 3-5; Pl.'s Cross Mot. for S.J., ECF No. 19, at 3-6.  This constitutional claim

is absent from Plaintiff's complaint.  Plaintiff cannot seek summary judgment on a claim that was never properly pled.

In the Commission's reply brief to its motion to dismiss, the Commission fully addressed why Plaintiff cannot defeat a motion to dismiss by asserting a claim that was never pled.  Def. Chairman Cody's Reply on MTD, ECF No. 23, at 9-14.  To avoid unnecessary repetition, the Commission adopts these same arguments to explain why this Court should deny Plaintiff's motion for summary judgment.

### II. Plaintiff's Removal Did Not Violate Separation of Powers

Assuming this Court reaches the substance of Plaintiff's motions for summary judgment, this Court should deny them on their merits.  The Commission demonstrated that the removal of Plaintiff from the Commission did not violate the separation of powers.  Def. Chairman Cody's Reply on MTD, ECF No. 23, at 10-14.  To avoid unnecessary repetition, the Commission adopts those same arguments to explain why this Court should deny Plaintiff's motion for summary judgment.

### III. The "At Will" Standard is Mandated for Reemployed Annuitants

Plaintiff's asserts that his status as a reemployed annuitant is "immaterial" to his motion for summary judgment.  Pl.'s Cross Mot. for S.J., ECF No. 19, at 3.  Instead it is fatal.  The Commission fully addressed this issue in our reply brief.  Def. Chairman Cody's Reply on MTD, ECF No. 23, at 15-18.  To avoid unnecessary repetition, the Commission adopts those same arguments to explain why this Court should deny Plaintiff's motion for summary judgment.

### IV. Plaintiff is not entitled to Attorney's Fees

In the document titled "Motion for Summary Judgment," Plaintiff's conclusion states, "Dr. Mapes also requests a payment of his attorney fees."  Pl.'s Mot. for S.J., ECF No. 18, at 5.

This request is absent from the complaint, asserts no factual basis as to what those fees would be, or legal argument as to why they would be due. Generally, under the "American Rule," each party ordinarily bears its own attorney fees. *See Lewis v. District of Columbia*, 2018 U.S. Dist. LEXIS 203865, at *8-9 (D.D.C. 2018) (citations omitted). This Court should deny Plaintiff's request for attorney fees as being unpled, and unsupported both factually and legally.

## CONCLUSION

This Court should deny Plaintiff's motions for summary judgment.

Dated:  May 29, 2020                             Respectfully submitted,

                                                    MICHAEL R. SHERWIN
                                                   Acting United States Attorney

                                                   DANIEL F. VAN HORN, D.C. Bar # 924092
                                                   Chief, Civil Division

                                 By: /s/ *John Moustakas*
                                                   John Moustakas, D.C. Bar #442076
                                                   Assistant U.S. Attorney
                                                   555 Fourth Street, N.W.
                                                   Washington, D.C. 20530
                                                   (202) 252-2518
                                                   john.moustakas@usdoj.gov

                                                   *Counsel for Chairman Richard Cody*

                                                   Stefan R. Wolfe
                                                   General Counsel

                                                   Cody Cheek
                                                   Attorney
                                                   National Commission on Military Aviation Safety
                                                   2900 Crystal Drive
                                                   Arlington, VA 22202

                                                   *Of Counsel*