IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PETER B. MAPES<br>206 East Park St.<br>Oscoda, MI 48750 | )<br>)<br>)<br>) | |
| *Plaintiff*, | )<br>) | Civil No. 1:20-cv-00223-JEB |
| v. | )<br>) | |
| JACK REED,<br>Senator, RI | )<br>)<br>) | |
| RICHARD CODY,<br>Chairman of the National<br>Commission on Military Aviation<br>Safety | )<br>)<br>)<br>)<br>) | |
| *Defendants*. | ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES Dr. Peter B. Mapes ("Dr. Mapes"), by and through undersigned counsel, for this cause of action against Defendants, and herein alleges, based on information and belief the following.

**INTRODUCTION**

This is a complaint brought to enforce the provisions of the National Defense Authorization Act for Fiscal Year 2019, Public Law 115-232 (the "Act"). There are three aspects to the complaint. First, Dr. Mapes was illegally removed from his position as a Commissioner on the National Commission on Military Aviation Safety. Second, Dr. Mapes' illegal removal resulted in a violation of the separation of powers. Finally, Dr. Mapes was never provided due process before his illegal and unconstitutional removal.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 USC §702 and 28 U.S.C. § 1331, as the case arises from agency action that adversely affected the Plaintiff and arises under the Constitution or laws of the United States, specifically P.L 115-232.  Under that statute, Plaintiff Dr. Peter B. Mapes was appointed as a Commissioner.  The appointing authority has illegally removed him from that position.

2. This Court also has jurisdiction pursuant to 28 U.S.C. § 1346 (the" Little Tucker Act"), which provides District Courts with jurisdiction over claims of less than $10,000.

3. This Court also has jurisdiction under *Leedom v. Kyne*, 358 U.S. 184 (1958), which provides jurisdiction for constitutional claims that are not otherwise redressable.

4. Venue is appropriate in that all of the actions in question took place in the District of Columbia.

## PARTIES

5. Plaintiff Dr. Peter B. Mapes is a citizen of the United States who resides in Michigan and who submits himself to the authority of this Court.

6. Defendant Jack Reed is a United States Senator from the state of Rhode Island.  He made the appointment as a part of his official duties.

7. Defendant Richard Cody is the Chairman of the National Commission on Military Aviation Safety.  He directed the administrative actions that removed Dr. Mapes from the Commission's records.

## STATEMENT OF THE CASE

8. Plaintiff Dr. Peter B. Mapes was appointed as a Commissioner on the National Commission on Military Safety (the "Commission") by Senator Jack Reed.  Senator Reed

terminated Dr. Mapes' commission in violation of the Act, in violation of the Constitution, and ultra vires his authority. Dr. Mapes requests that his removal be declared void, the Defendants be enjoined from attempting to terminate Dr. Mapes in the future, and that he immediately have returned to him all powers incident to his position as Commissioner.

## STATEMENT OF FACTS

9. Section 1087 of Public Law 115-232, the National Defense Authorization Act for Fiscal Year 2019, directed the establishment of the National Commission on Military Aviation Safety.

10. Its purpose was to "examine and make recommendations with respect to certain United States military aviation mishaps." P.L. 115-232 § 1087(a)(2).

11. According to the express language of the Act, the Commission is an independent establishment, which makes it an establishment in the executive branch. P.L. 115-232 § 1087(a)(1).

12. The Commission was composed of eight members, one of whom was to be appointed by the Ranking Member of the Committee on Armed Services of the Senate. P.L. 115-232 § 1087(b)(1)(C).

13. Senator Jack Reed from Rhode Island was the Ranking Member of the Committee on Armed Services of the Senate at the time, and he appointed Dr. Peter B. Mapes as a Commissioner on the Commission.

14. The Commissioners were to be appointed within ninety days of the enactment of the act. P.L. 115-232 § 1087(b)(2).

15. If appointments were not made within 90 days of the enactment, then the authority to appointment expired. P.L. 115-232 § 1087(b)(3).

16. Commissioners were to be appointed "for the life of the Commission." P.L. 115-232 § 1087(b)(5).

17. The Commission was to terminate 90 days after the date they provided their final report to the President and the Congressional defense committees. P.L. 115-232 § 1087(k).

18. No provision was made in the Act for the removal of a Commissioner.

19. While serving as a Commissioner, Dr. Mapes made suggestions with regard to ensuring that statistical data was reliable and properly analyzed.

20. On November 19, 2020, the Air Force Safety Center sent the Chairman of the commission a letter with a non-specific complaint about Dr. Mapes' interaction with Air Force personnel.

21. On November 20, 2020, the Army Safety Center sent the Chairman an e-mail with a similar non-specific complaint.

22. Dr. Mapes and the various military services' Safety Centers have been at odds over aviation safety issues for several years.

23. On January 7, 2020, Senator Reed sent Dr. Mapes a letter terminating Dr. Mapes' status as a Commissioner.

24. The stated reason was: "your service as a member of the National Commission on Military Aviation Safety is no longer compatible with the service of the other members of the Commission."

**STATEMENT OF POINTS AND AUTHORITES**

**COUNT I**
**Violation of the National Defense Authorization Act for Fiscal Year 2019**

25. Dr. Mapes incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

26. This case presents a question of whether a person with the power of appointment can remove an appointee absent any statutory authority to do so. The Act did not provide for removal authority. Rather, the Act requires Commissioners to be appointed for the life of the Commission. Without the authority to remove, Dr. Mapes' removal violated the National Defense Authorization Act for Fiscal Year 2019.

27. The Act's silence on removal authority does not imply removal authority. In *Wiener v. United States*, the Supreme Court addressed an instance where the President of the United States attempted to remove a member of the War Claims Commission who had been appointed by the previous President because he wanted to have only people he had selected as members of the Commission. *Wiener v. United States*, 357 U.S. 349, 350 (1958). The enabling statute for the War Claims Commission made no provision for the removal of a commissioner. *Id*. at 352. There, the Court determined that the authority to remove was not "impliedly inferred by the statute simply because congress said nothing about it." *Id.* at 356.

28. According to the Act, Dr. Mapes was appointed for the life of the Commission. P.L. 115-232 § 1087(b)(5). The inability to appoint new Commissioners after 90 days shows legislative intent to restrict the ability to have revolving Commissioners. When taken together, the time restraint on appointment authority, the appointment for the life of the Commission, and legislative intent are a clear limitation on the ability to remove a Commissioner. The mere silence on removal authority does not imply there is an authority to remove a Commissioner under the Act. *See Wiener*, 357 U.S. 349, 350 (1958).

## COUNT II
### Violation of the Separation of Powers

29. Dr. Mapes incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

30. Senator Reed, as a member of Congress, is a member of the legislative branch.

31. The Commission, according to the Act, is "considered an independent establishment of the Federal Government as defined by section 104 of title 5, United States Code…" P.L. 115-232 §1087(a)(1).

32. An independent establishment is defined as "an establishment in the executive branch…" 5 U.S.C. § 104 (2020).

33. Accordingly, the Commission is an organization in the executive branch, and Dr. Mapes was an executive branch employee.

34. In *Bowsher v. Synar*, the Supreme Court found that Congress retaining removal authority over the Comptroller General, whose role was executive in nature, was a violation of the separation of powers doctrine. 478 U.S. 714, 733 (1986).

35. In *PHH Corp. v. Consumer Financial Protection Bureau*, the court upheld a for-cause restriction on the President's removal powers of the Director of the Consumer Financial Protection Bureau. 81 F.3d 137 (D.C. Cir. 2018). The court determined that "so long as Congress does not disturb the congressional balance by arrogating to itself a role in removing the relevant executive officials…the Constitution admits of modest removal constraints…" *Id.* at 88.

36. Taking these two cases together, it is clear that while Congress has the authority to limit removal powers without violating the separation of powers, as it has done under the Act, Congress cannot have a role in the actual removal of an executive official.

37. As a member of Congress, Senator Reed violated the separation of powers when he removed Dr. Mapes, an executive branch employee, from the Commission.

## COUNT III
### Violation of Due Process

38. Dr. Mapes incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

39. Dr. Mapes had a protected property interest in his employment as a Commissioner on the Commission, and his removal violated his federal rights to due process.

40. In *Leonard v. D.C.,* the court stated that in order to "trigger due process protection in the area of public employment, an employee must 'have a legitimate claim of entitlement to it.'" *Leonard v. D.C.*, 794 A.2d 618, 624 (D.C. 2002) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972)).

41. Since Dr. Mapes could not be removed, per the terms of the Act, he was entitled to his employment on the Commission. Therefore, Dr. Mapes was entitled to due process before being stripped of his property interest.

42. "As our decisions have emphasized time and again, the Due Process Clause grants the aggrieved party the opportunity to present his case and have its merits fairly judged. Thus it has become a truism that '*some* form of hearing' is required before the owner is finally deprived of a protected property interest." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (quoting *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972)).

43. Dr. Mapes was granted no form of a hearing, nor was he given the opportunity to plead his case or refute the allegations made against him before his protected property interest in his employment was stripped from him.

44. Senator Reed's removal of Dr. Mapes was a violation of Dr. Mapes' rights under the Fourteenth Amendment's Due Process Clause.

## COUNT IV
## Unlawful Agency Action Under 5 U.S.C. §706

45. Dr. Mapes incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

46. Actions by the Commission are reviewable under the Administrative Procedure Act as agency action.

47. The removal of Dr. Mapes from the Commission violated the separation of powers doctrine and the NDAA (P.L. 115-232 § 1087(b)(5)), which made the agency action not in accordance with law.

48. The removal of Dr. Mapes from the Commission violated Dr. Mapes' constitutional rights under the Fourteenth Amendment's Due Process Clause and therefore was contrary to constitutional right.

49. Dr. Mapes was removed from the Commission by the Defendant without the authority to do so and therefore the Defendant acted in excess of his statutory authority under the NDAA.

50. Dr. Mapes' removal from the Commission was unlawful agency action under the Administrative Procedure Act, and Dr. Mapes has suffered a legal wrong and has been adversely affected and aggrieved by said agency action.

## PRAYER FOR RELIEF

1. Plaintiff requests that this Court hold unlawful and set aside Defendant Reed's removal of the Plaintiff from the National Commission on Military Aviation and that he immediately have returned to him all powers of that office.

2.      Plaintiff requests that this Court order payment for Commission work he performed after January 7, 2020.

3.      Plaintiff requests that this Court award Plaintiff attorney's fees and other litigation costs reasonably incurred in this action.

4.      Plaintiff requests that this Court grant Plaintiff such other relief as the Court deems just and proper.


Dated: July 1, 2020

                Respectfully submitted,

                */s/ David P. Sheldon*
                DAVID P. SHELDON
                Law Offices of David P. Sheldon PLLC
                100 M St. NE; Ste 600
                Washington, DC 20003
                Telephone No.  202-546-9575
                Fax No.  202-546-0135
                Email: davidsheldon@militarydefense.com